## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARLOS AURELIO SARANGO CALVA,**<br><br>        **Petitioner,**<br><br>    **v.**<br><br>**ERIC ROKOSKY,** *et al.*,<br><br>        **Respondents.** | **Case No. 26–cv–09975–ESK**<br><br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Carlos Aurelio Sarango Calva's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition) (ECF No. 1.)

1.    Petitioner is a citizen of Ecuador.   (ECF No. 1 ¶ 13.)    He entered the United States without inspection in 1990.    (*Id.*)

2.    Immigration and Customs Enforcement (ICE) took petitioner into custody on August 6, 2026.   (*Id.* ¶ 14.)   Petitioner has been detained at the Elizabeth Detention Facility since that time.   (*Id.* ¶ 16.)

3.    Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

4.    Respondents submitted a letter on August 10, 2026 stating that petitioner is being detained pursuant to 8 U.S.C. § 1225(b)(2).   (ECF No. 3 p. 1.) They also provided a copy of petitioner's criminal history.   (ECF No. 4.)

5.    I conclude that petitioner is being unlawfully detained under § 1225 because petitioner was apprehended inside the United States after residing here for an extended period, and therefore he should have been detained under § 1226, which requires an opportunity to seek bond. *See Ayala Amaya v. Bondi,* No. 25–cv–16428, 2025 WL 3033880, at *2–3 (D.N.J. Oct. 30, 2025).

Accordingly,

**IT IS** on this **12th** day of **August 2026 ORDERED** that:

1. Petitioner's Petition is **GRANTED**. Respondents shall provide petitioner with an individualized bond hearing pursuant to 8 U.S.C. § 1226(a) before an immigration judge within 7 days of this Order. Respondents shall provide the immigration court a copy of this Opinion and Order prior to the hearing.

2. Petitioner, or his counsel, shall have notice of the bond hearing, a reasonable opportunity to prepare, and be permitted to reschedule the hearing without seeking this Court's intervention. The hearing may be rescheduled outside of the 7-day period at petitioner's request.

3. The Clerk shall **CLOSE** this case.

_/s/ Edward S. Kiel_
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**